## (December 9, 1975)

■ In the Matter of NEW YORK CITY SCHOOL BOARDS ASSOCIATION, INC.,

et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. In the Matter of MABEL EFFERSON et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. (And Another Title.) —In three consolidated proceedings pursuant to CPLR article 78 to prohibit respondents from, *inter alia,* implementing certain provisions of a certain memorandum of agreement entered into by the respondent Board of Education of the City of New York and the intervenor-respondent, the United Federation of Teachers, which purportedly mandate a shortened instructional day for the students of elementary and junior high schools to accommodate a reduced number of teacher preparation periods, petitioners in the first two above-entitled proceedings appeal, as limited by their separate briefs, from so much of a judgment of the Supreme Court, Kings County, entered November 25, 1975, as dismissed their petitions. Judgment modified, on the law, by striking from the third decretal paragraph thereof the phrase "for lack of standing" insofar as it applies to the petition in the second above-entitled proceeding and substituting therefor, as to said petition, the phrase "on the merits". As so modified, judgment affirmed insofar as it pertains to the first two above-entitled proceedings, without costs. While it is generally within the power of State education officials to fix mandatory minimum hours of daily instructional time, in the absence of the exercise of that power by such officials, the Central Board of Education of the City of New York may determine the number of hours of instructional time to be provided in that city's public schools. Thus, the central board is empowered to shorten the instructional day of pupils by two 45-minute periods per week. The determination to do so, an issue of educational policy within the discretionary power of the central board, was made independently of the memorandum of agreement, although within the context of negotiations for a new collective bargaining agreement, a teachers' strike and the city's unprecedented fiscal crisis. The memorandum of agreement merely reflects the central board's determination and spells out the consequences thereof upon the scheduling of the bargained-for teacher preparation periods. It is also clear (1) that the central board's determination does not violate the Decentralization Law (Education Law, § 2590 *et seq.),* for a uniform city-wide policy on the number of instructional hours to be provided is essential; and (2) that the central board's by-laws have not been unlawfully revoked. Finally, we note that the central board's reallocation of the funds previously appropriated to the community school boards constituted a mere readjustment of figures under pre-existing formulae and is not an impermissible reallocation under new formulae; and that the ground for dismissal of the petition of the petitioner parents, parents associations and other groups in the second above-entitled proceeding, namely, lack of standing of those petitioners, cannot be sustained *(Boryszewski v Brydges,* 37 NY2d 361; *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1). However, Special Term correctly held, in its opinion, that that petition was dismissable on the merits in any event. Gulotta, P. J., Hopkins, Margett, Christ and Shapiro, JJ., concur. [84 Misc 2d 237.]